Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 9501 | DATE | August 21, 2003 |
| CASE TITLE | U.S. ex rel. Leaks v. Pierce | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] After careful consideration of the entire record, Leaks' § 2254 petition [1-1] is denied in its entirety. The clerk is directed to enter a Rule 58 judgment and to terminate this case. Enter Memorandum and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | AUG 27 2003 | 19 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| RTS | courtroom deputy's initials | 03 AUG 27 AM 8:28 FILED FOR DOCKETING L-03 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

DOCKETED
AUG 2 7 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. KERMIT LEAKS, Petitioner, | ) ) ) ) ) | |
| v. | ) ) | 02 C 9501 |
| GUY PIERCE, Respondent. | ) ) ) | |

## MEMORANDUM AND ORDER

Following a bench trial in the Circuit Court of Cook County, petitioner Kermit Leaks was convicted of first degree murder, attempted first degree murder, and armed robbery under an accountability theory. He was subsequently sentenced to concurrent terms of 22 years of imprisonment. He unsuccessfully pursued a direct appeal and sought collateral relief from the Illinois courts. This petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 followed. For the following reasons, Leaks' petition is denied.

**I.    Background**

The court will presume that the state court's factual determinations are correct for the purposes of habeas review as Leaks has not provided clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1); *Todd v. Schomig*, 283 F.3d 842, 846 (7th Cir.2002). The court thus adopts the state court's recitation of the facts.

At trial, Danny Andrich testified that, on October 13, 1996, Jose Rodriguez drove Andrich and his girlfriend, Gloria Mendez, to a location in Chicago. Rodriguez removed a bag of drugs from a hidden location in the vehicle, gave Andrich a "rock," and took a "wicky stick" for himself. On that same date, Danny Carter was out driving his car, with Leaks in the

passenger seat. Carter, who was carrying a gun, arrived on the scene and pulled up behind Rodriguez's car.

Carter got out of his car and walked towards Rodriguez. He threatened to kill Mendez and pulled the trigger. Luckily for Mendez, the gun did not fire. Carter then shot Rodriguez in the head and took the bag of drugs. Leaks slid over to the driver's side and drove alongside Rodriquez's car. Leaks yelled out to Carter, telling him to "shoot her" and to "hurry up" and "do it." After Carter got back into the car, Leaks drove away.

Mendez also testified to substantially the same version of events. She did not, however, see what was in the bag that Rodriguez removed from his car. She also thought that Carter wanted to steal her purse or jewelry when he began to threaten the occupants of Rodriguez's car. The State stipulated that Leaks admitted he was in the car and that he drove it away after Rodriguez was shot. Defense counsel stipulated that neither Andrich nor Mendez mentioned that Leaks said anything on the day of the shooting. Andrich and Mendez identified Leaks in a photo array three days after the shooting and also identified him in a subsequent line-up and at trial. The court found that Leaks was guilty of all charges based on a theory of accountability.

On direct appeal, Leaks' counsel sought leave to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). Leaks raised five arguments in response: (1) the assistant public defender who represented him at trial was biased because Leaks had filed complaints against other assistant public defenders with the Attorney Registration and Disciplinary Commission; (2) the testimony of the State's witnesses was "embellished" to support a finding of accountability because the witnesses were under the influence of drugs at the time of the offense and one witness lied on the stand; (3) trial counsel was ineffective because he failed to

communicate with him and disagreed with him regarding defense strategy; (4) the State lacked physical evidence linking him to the shooting and based its case on testimony that was "hopelessly. [sic] contradictory, illogical. [sic] and biased, on behalf of the State"; and (5) he was not provided with a complete trial record.

The Illinois Appellate Court affirmed the judgment of the Circuit Court and permitted counsel to withdraw. Leaks filed a petition for leave to appeal ("PLA") with the Illinois Supreme Court arguing that: (1) he was denied a direct appeal as of right because the Appellate Court ruled against him; (2) the Appellate court erroneously permitted counsel to withdraw because his appeal raised meritorious issues; (3) trial counsel was ineffective because he failed to impeach witnesses, file a motion to suppress (the subject of this motion is unclear), attack suggestive identification, or seek to suppress Leaks' statements; (4) the State did not prove him guilty beyond a reasonable doubt; and (5) the State's identification of him violated his rights to due process because it was "tainted with suggestive tactics by police." The Supreme Court denied Leaks' PLA.

Leaks also filed a state post-conviction petition, which was denied. Leaks appealed and his attorney sought leave to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987). The Illinois Appellate Court affirmed the judgment of the Circuit Court and permitted counsel to withdraw. Leaks filed a petition for leave to appeal ("PLA") with the Illinois Supreme Court arguing that: (1) the Illinois Appellate Court erroneously found that certain claims raised by Leaks were barred because they could have been raised on direct appeal; and (2) the Illinois Appellate Court violated his due process rights by ruling against him. The Supreme Court denied Leaks' PLA.

This § 2254 petition followed. Leaks contends that: (1) trial counsel was ineffective; (2) the State used perjured testimony to obtain a conviction; (3) the State failed to prove that he was guilty beyond a reasonable doubt; (4) the trial court abused its discretion when it allowed the State to use stipulations at trial, refused to allow him to present a post-trial motion, denied post-conviction relief without first holding an evidentiary hearing, denied his motion to reconsider based on newly discovered evidence, and excluded a motion for a new trial from the record.

## II. Discussion

### A. Threshold Matters

The court will begin by summarizing the rules governing exhaustion and procedural default and by recapping the standard of review that guides this court in resolving Leaks' § 2254 petition.

#### 1. Exhaustion and Procedural Default

Before this court may reach the merits of Leaks' federal habeas claims, it must consider whether he has exhausted his state remedies and avoided procedural default under Illinois law. *See Mahaffey v. Schomig*, 294 F.3d 907, 914-15 (7th Cir.2002).

##### a. Exhaustion of State Court Remedies

To exhaust state court remedies, a petitioner must give the state courts an opportunity to act on each of his claims before he presents them to a federal court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). State remedies are exhausted when they are presented to the state's highest court for a ruling on the merits or when no means of pursuing review remain available. *Boerckel*, 526 U.S. at 844-45, 847; 28 U.S.C. § 2254(c). Here, the respondent does not dispute that Leaks has exhausted his state court remedies. This is correct, as Leaks filed a PLA in both his direct and collateral appeals.

### b. Procedural Default

Procedural default occurs when a petitioner fails to comply with state procedural rules. *Mahaffey*, 294 F.3d at 915. This occurs when the petitioner fails to pursue all appeals required by state law, *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991), or fails to fully and fairly present his federal claims to the state court, *Boerckel*, 526 U.S. at 844. It also occurs when the state court did not address a federal claim because the petitioner failed to satisfy an independent and adequate state procedural requirement, *Stewart v. Smith*, 536 U.S. 856 (2002). If an Illinois appellate court finds that a claim is waived, that holding constitutes an independent and adequate state ground. *Rodriquez v. McAdory*, 318 F.3d 733, 735 (7th Cir.2003).

Nevertheless, this court may still reach the merits of a procedurally defaulted claim if the petitioner establishes either cause for his failure to follow a rule of state procedure and actual prejudice, or that the default will result in a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). To establish a fundamental miscarriage of justice, the petitioner must present new and convincing evidence of his innocence by showing that it is more likely than not that no reasonable juror would convict him in light of the new evidence. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

### 2. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a habeas petitioner is not entitled to a writ of habeas corpus unless the challenged state court decision is either "contrary to" or "an unreasonable application of" clearly established federal law as determined by the United States Supreme Court. *See* 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000). In *Williams,* the Supreme Court explained that a state court's decision is "contrary to" clearly established Supreme Court law "if the state court arrives at a

conclusion opposite to that reached by the Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours." *See id.* at 405.

With respect to the "unreasonable application" prong under § 2254(d)(1), a habeas petitioner must demonstrate that although the state court identified the correct legal rule, it unreasonably applied the controlling law to the facts of the case. *See id.* at 407. A state court's application of Supreme Court precedent is unreasonable if the court's decision was "objectively" unreasonable. *See Lockyer v. Andrade,* 123 S.Ct. 1166, 1174 (2003) (unreasonable application more than incorrect or erroneous). In order to be considered unreasonable under this standard, a state court's decision must lie "well outside the boundaries of permissible differences of opinion." *See Hardaway v. Young,* 302 F.3d 757, 762 (7th Cir. 2002); *see also Searcy v. Jaimet,* 332 F.3d 1081, 1089 (7th Cir. 2003) (decision need not be well reasoned or fully reasoned and is reasonable if one of several equally plausible outcomes); *Schultz v. Page,* 313 F.3d 1010, 1015 (7th Cir. 2002) (reasonable state court decision must be minimally consistent with facts and circumstances of the case).

B. Leaks' Claims

1. Ineffective Assistance

In his § 2254 petition, Leaks asserts that his trial counsel was ineffective because he: (1) failed to object to stipulations offered by the State; (2) failed to call witnesses to testify, including Carter; (3) failed to file a motion to quash his arrest and to suppress his identification; (4) failed to file a motion to suppress Leaks' statements; (5) presented a mere-presence theory without evidence to support it; (6) failed to stipulate regarding inconsistent statements; and (7) failed to call a pathologist.

The respondent contends that all of these claims fail on the merits. According to the respondent, in Leaks's state collateral appeal, the Illinois Supreme Court allowed counsel to withdraw under *Pennsylvania v. Finley* and this decision comports with *Strickland*. This is incorrect on many levels. First, Leaks raised his ineffective assistance claims on direct appeal as opposed to collaterally. Thus, the respondent is asking this court to uphold the wrong state court decision. Second, with all due respect to counsel, it is bizarre to suggest that allowing a lawyer to withdraw could somehow be a merits decision that is reviewable through the lens of *Strickland*.

Last, but certainly not least, Leaks' ineffective assistance claims were not properly presented to the Illinois courts so this court cannot consider them on the merits. A petitioner must present his claims to the Illinois courts, up to and including the Illinois Supreme Court, to avoid procedural default. *See Boerckel*, 526 U.S. at 844. This means that his claims must appear not only in his PLA but also in his filings with the state trial court and intermediate appellate court. *See Castille v. Peoples*, 489 U.S. 346, 349 (1989).

Thus, the court must match up Leaks' ineffective assistance claims with the ineffective assistance claims presented to the Illinois Appellate Court and the Illinois Supreme Court. If the claims fail to appear in Leaks' § 2254 petition *and* his state intermediate appeal *and* his PLA, they are procedurally barred. *See Castille v. Peoples*, 489 U.S. at 349 (claims raised for the first time in a discretionary appeal are barred by the full and fair presentment doctrine); *Boerckel*, 526 U.S. at 844 (claims not raised in PLA are procedurally defaulted).

In Leaks' PLA on direct appeal, he asserted that his trial counsel was ineffective because he failed to: (1) impeach witnesses; (2) file a motion to suppress his statements; and (3) attack suggestive identification. Only the second and third arguments appear in Leaks' § 2254 petition

and his PLA. Thus, all of the remaining ineffective assistance arguments raised in Leaks' § 2254 petition are procedurally defaulted. *See Boerckel*, 526 U.S. at 844.

It is important to note, however, that the second and third arguments were not raised at the intermediate appellate level. Instead, both of these claims were raised for the first time in Leaks' PLA. Thus, Leaks did not fully and fairly present these claims. *Castille v. Peoples*, 489 U.S. at 349. This means that this court cannot review them on the merits. For these reasons, all of Leaks' ineffective assistance claims are beyond the province of federal habeas review.

### 2. Perjured Testimony

Leaks contends that the State used perjured testimony to obtain a conviction. This claim did not appear in either of his PLAs so it is defaulted. *See Boerckel*, 526 U.S. at 844.

### 3. State Law Claims

Leaks next asserts that the trial court abused its discretion when it allowed the State to use stipulations at trial, refused to allow him to present a post-trial motion, denied post-conviction relief without first holding an evidentiary hearing, denied his motion to reconsider based on newly discovered evidence, and excluded a motion for a new trial from the record. These arguments all rest on a claimed violation of state law.

This is problematic because "it is elementary that the . . . court, under § 2254, must focus on alleged violations of the federal constitution, laws and treaties," as "§ 2254 cannot be invoked simply to require state officials to comply with state law or to review alleged violations of state law." *Biskup v. McCaughtry*, 20 F.3d 245, 247 (7th Cir.1994); 28 U.S.C. § 2254(a) (habeas relief is only available if a petitioner establishes that "he is in custody in violation of the Constitution or laws or treaties of the United States"). Moreover, Leaks does not rely on federal law in his § 2254 petition and did not rely on federal law in the state court proceedings.

In addition, with respect to the evidentiary rulings, a federal court may grant relief under § 2254 only if they prevented a defendant from receiving a fundamentally fair trial. *U.S. ex rel. Drain v. Washington*, 52 F. Supp. 2d 856, 866 (N.D. Ill. 1999). In determining whether the exclusion of evidence denied a defendant's right to a "fundamentally fair trial," the court must examine whether the "proffered evidence was relevant, material, and essential to the defense, and whether the exclusion of that evidence was arbitrary. *See id.*; *see also Lange v. Young*, 869 F.2d 1008, 1011 (7th Cir.1989).

The use of stipulations does not rise to this level as Leaks does not claim, and it does not appear, that the stipulated evidence was inadmissible. The denial of a motion for leave to present a post-trial motion is not an evidentiary ruling or an issue of federal law. The state court found that Leaks received a full copy of the record and that it also had a full copy of the record, so his claim that a motion was missing from the record is incorrect and certainly not a federal issue in any event. The trial court was not required to hold an evidentiary hearing before it denied post-conviction relief, and this decision did not prevent Leaks from receiving a fair decision on the merits. Finally, the denial of Leaks' motion to reconsider based on newly discovered evidence is not an evidentiary ruling; the court considered the new evidence and rejected it. Thus, the court finds that the challenged rulings either rely on issues of state law or do not rise to the level of a federal due process violation because they did not prevent Leaks from receiving a fundamentally fair trial.

### 4. The State's Alleged Failure to Prove Leaks Guilty Beyond a Reasonable Doubt

Andrich and Mendez' testimony unequivocally placed Leaks at the scene and in the middle of the events resulting in Rodriguez' death. Moreover, Andrich testified that Rodriguez

gave him a "rock" but no evidence showed that either Andrich or Mendez were under the influence of drugs. In addition, Leaks admitted that he was in the car and then drove it away after Rodriguez was shot. Finally, Andrich and Mendez identified Leaks in a photo array three days after the shooting and also identified him in a subsequent line-up and at trial. Citing *People v. Slim*, 127 Ill.2d 302, 307 (1989), the Illinois Appellate Court found that this evidence, when viewed in the light most favorable to the State, was enough to establish Leaks' guilt.

Leaks argues that Mendez and Andrich were under the influence of narcotics at the time of the offense and that "[t]heir perjured testimony was the only evidence the State had to offer which contributed to defendant's conviction." He also contends that there was no physical evidence placing him at the scene.

As noted above, § 2254 relief is only appropriate if the state court's decision was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States, or was based on an unreasonable determination of the facts in light of the evidence. 28 U.S.C. §§ 2254(d)(1) & (2). Thus, the question is not whether the state court proceedings could have ended differently if the court were to adopt Leaks' view of the facts. Instead, it is whether the state court's decision is subject to attack under 28 U.S.C. § 2254(d)(1) or (2).

In its decision affirming Leaks' conviction, the Illinois Appellate Court correctly summarized the standard of review for appeals challenging the sufficiency of the evidence. Specifically, it evaluated the evidence in the light most favorable to the State to determine if a rational trier of fact could have found Leaks guilty beyond a reasonable doubt. It then outlined the evidence supporting Leaks' conviction and found that it supported the trial court's decision.

This court concludes that this decision is not contrary to or an unreasonable application of clearly established Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1). *Jackson v. Virginia*, 443 U.S. 307 (1979), contains the relevant standard for direct appellate review. In *Jackson*, the Supreme Court held that a conviction must stand if "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. at 319. Although the Illinois Appellate Court did not cite to *Jackson v. Virginia*, it cited to an Illinois Supreme Court case that uses the *Jackson* standard, and then applied this rule to assess whether sufficient evidence supported Leaks' conviction. This is enough to satisfy the AEDPA. *See Early v. Packer*, 537 U.S. 3, —, 123 S.Ct. 362, 365 (2002) (state courts not required to cite Supreme Court cases as long as reasoning or result of the court's decision does not contradict Supreme Court precedent).

This court would also be hard-pressed to conclude that the appellate court's decision is not minimally consistent with the facts and circumstances of this case, and thus, an unreasonable application of Supreme Court precedent. The Illinois Appellate Court reviewed the testimony of Mendez and Andrich, who both testified that Leaks was in the car with Carter. After Carter tried to shoot Mendez and successfully shot Rodriguez, Leaks slid over to the driver's side and drove alongside Rodriquez's car. He yelled out to Carter, telling him to "shoot her" and to "hurry up" and "do it."

Leaks admitted that he was at the scene and, in fact, objected to his counsel's use of a "mere presence" theory at trial because it was not supported by sufficient evidence (the court is compelled to note that it is difficult to imagine what else counsel could have done to defend his client given the overwhelming testimony placing Leaks at the scene). Mendez and Andrich identified Leaks repeatedly. While no physical evidence places Leaks at the scene, ample

- 11 -

evidence supports a conclusion that he was, in fact, there and a participant in the unfortunate events that transpired. This is especially true given that the court must view the evidence in the light more favorable to the State. These facts are consistent with a finding of guilt. Accordingly, Leaks is not entitled to relief under § 2254 because the state court's decision is a reasonable application of the controlling law to the facts of this case.

### 5. Exceptions to Procedural Default

As noted above, a federal court may not grant relief on a procedurally defaulted claim unless the petitioner can establish cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that the court's failure to consider the claim will result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. at 750. Although Leaks does not contend that cause and prejudice or the fundamental miscarriage of justice exceptions excuse his default, the court will nevertheless consider whether they can give him any succor.

Cause exists where "some objective factor external to the defense impeded [the petitioner's] efforts to comply with the State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 282 (1999). Here, Leaks simply did not present his claims properly to the Illinois courts. Nothing in the record before the court indicates that an objective factor prevented him from doing so. Thus, cause does not excuse his default. Moreover, an allegation of ineffective assistance of counsel is not, by itself, enough to establish prejudice. *See Pitsonbarger v. Gramley*, 141 F.3d 728, 737 (7th Cir.1998). Thus, neither cause nor prejudice exists.

The fundamental miscarriage of justice exception is also inapplicable because "this relief is limited to situations where the constitutional violation has probably resulted in a conviction of one who is actually innocent." *Dellinger v. Bowen*, 301 F.3d 758, 767 (7th Cir. 2002). To show

"actual innocence," a petitioner must present clear and convincing evidence that, but for the alleged error, no reasonable juror would have convicted him. *Id.* Leaks' petition, as well as all of his state court pleadings, do not contain any substantiated allegations of actual innocence, and the court is not required to accept Leaks' statement – which contradicts all of the other evidence presented at trial – to the effect that he wasn't at the scene and didn't commit the offense. Thus, the fundamental miscarriage of justice exception does not apply.

### III. Conclusion

For the above reasons, Leaks' § 2254 petition [1-1] is denied.

DATE: 8-21-03

_____
Blanche M. Manning
United States District Court Judge

02cv9501.hab